# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT LEE SMITH, III,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 6:06-cv-39 (HL) |
| **CITY OF MOULTRIE, et al.,** | : | |
| Defendants. | : | |

## ORDER

Before the Court are Objections (Doc. 28) filed by Plaintiff Robert Lee Smith, III ("Smith"). For the reasons set forth below, the Objections are granted in part and denied in part and the Order (Doc. 27) issued by the United States Magistrate Judge on October 20, 2006, is upheld in part and reversed in part.

**I.  FACTUAL AND PROCEDURAL HISTORY**

On September 12, 2006, Robert Lee Smith, III, ("Smith") filed a Motion to Amend (Doc. 17). In this Motion, Smith moved the Court to grant him leave to amend his Complaint in three ways. Smith asked the Court to allow him to "amend [his] complaint to include a 'BROADER,' detailed and more definite statement upon which relief can be granted from each defendant in this case, in their 'individual' and 'official capacities.'" (Id. at 1.) Smith further moved the Court to allow him "to add as defendant(s), Real parties in interest to this civil action." (Id. at 2.) While Smith did not explicitly state in the Motion itself which "real parties in interest" he

1

wished to add to the Complaint, the Court finds he included enough information elsewhere[1] to indicate he wished to add two parties in particular: the City of Moultrie and Robert M. Hopkins ("Hopkins"), City Manager of the City of Moultrie.

The Magistrate Judge denied Smith's Motion to Amend by Order (Doc. 27) on October 20, 2006. Smith filed Objections (Doc. 28) to that Order, specifying that the Objections were filed pursuant to Federal Rule of Civil Procedure 72. On October 31, 2006, the day after he received Smith's Objections, the Magistrate Judge issued another Order (Doc. 29). In this October 31st Order, the Magistrate Judge construed Smith's Objections as a Motion for Reconsideration and then reversed his October 20th Order in part and upheld it in part. (Id.) Thereafter, this Court entered an Order (Doc. 30), by which it vacated the Magistrate Judge's October 31st Order and afforded Defendants ten (10) days to respond to the Objections previously filed by Smith. Defendants did so (Doc. 32). Smith's Objections are now ripe for the Court's review.

## II.   ANALYSIS

### A.   Standards

---

[1] The same day Smith filed his Motion to Amend, he also filed a "Response in Opposition to the Defendants [sic] Motion to Dismiss." (Doc. 16.) Therein, Smith indicated that he believed his original Complaint had listed the City of Moultrie as a Defendant despite Defendants' arguments to the contrary (id. at 1) and that the exclusion of Robert M. Hopkins ("Hopkins") from the original Complaint "was only a clerical mistake" (id. at 2). In his Response, Smith further averred that "he will amend his complaint if the court gives leave . . . . [His] failure to include the City Manager, etc. is a clerical mistake which may be corrected, if the court allows." (Id. at 3.) Accordingly, the Court is satisfied that when Smith filed his Motion to Amend and asked for leave to "add as defendant[s]," he was asking for leave to clarify that he had already sued the City of Moultrie, or amend his Complaint so that it was the properly included party, as well as to add Hopkins.

2

### 1. Rule 72(a)

Federal Rule of Civil Procedure 72(a) states that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." Fed. R. Civ. P. 72(a). Rule 72(a) also directs that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id. The "clearly erroneous" standard applies to a magistrate judge's findings of fact, while the more lenient "contrary to law" standard applies to his legal conclusions. See, e.g., Fogel v. Chestnutt, 668 F.2d 100, 116 (2d Cir. 1981). A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. See, e.g., Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### 2. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a party may move to amend its pleading after a responsive pleading has been served "only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The decision whether to grant leave to amend is within the sound discretion of the trial court." Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996). Notwithstanding a trial court's broad discretion to grant or deny leave to amend, the Supreme Court of the United States has emphasized that:

> [i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993) ("While a decision whether to grant leave to amend is clearly within the discretion of the district court, a justifying reason must be apparent for denial of a motion to amend.") (citation and quotation omitted).

**B. Application**

Here, Smith filed two objections to the Magistrate Judge's October 31st Order.[2] First, he alleges that he has repeatedly attempted to more clearly identify the entity he wishes to sue, and that he should be allowed to clarify that the Defendant he sued in his Complaint was "the City of Moultrie (Police Department)" and not "The City of Moultrie" or amend his Complaint to reflect the same. (Doc. 28 at 1.) Second, Smith objects to the Magistrate Judge's refusal to allow him to amend his original 42 U.S.C.A. § 1983 complaint to provide a more definite statement of his claims, reduce the amount he is seeking and itemize his damages. (Id.)

Defendants' Response (Doc. 32) requests that the Magistrate Judge's October 20th

---

[2] Because Smith's Objections did not challenge the portion of the Magistrate Judge's October 20th Order that denied Smith's Motion to Compel Discovery (Doc. 20), the Court shall not review that finding. See Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; *a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made*.") (emphasis added). Accordingly, the Magistrate's Judge denial of Smith's Motion to Compel Discovery is upheld. Similarly, Smith did not object to the Magistrate Judge's denial of the portion of Smith's Motion to Amend that sought to add Hopkins as a party. As such, this portion of the October 20th Order is upheld, and Hopkins is not added as a Defendant.

Order (Doc. 27) be allowed to stand despite Smith's Objections and that the Court grant the Motion to Dismiss (Doc. 11) of that entity identified in this action as the "City of Moultrie Police Department." By way of refuting Smith's specific objections, Defendants argue he should not be allowed to amend his Complaint so as to add the City of Moultrie as a Defendant, even if all Smith is trying to do is "clarify" who he originally intended to sue, because the City of Moultrie is not subject to suit under the facts alleged in Smith's Complaint. (Id. at 2-3.) Defendants also implicitly[3] endorse the Magistrate Judge's rejection of Smith's attempt to amend his original Complaint to provide a more definite statement of his claims, reduce the amount he is seeking and itemize his damages, though Defendants provide no reasons to support this holding.

### 1. Motion to Amend Defendant's Name

Here, Smith moved to amend his Complaint after a responsive pleading had been served.[4] Therefore, his motion is governed by Rule 15(a). However, before the Court reaches the question of whether Smith should be allowed to amend his Complaint, it must resolve the dispute of which Defendant was actually named in Smith's original Complaint.

In the title of his Complaint, Smith listed three Defendants, including "The City of

---

[3] The Court notes this endorsement is "implicit" because Defendants do not explicitly engage or refute any of Smith's arguments about why he should be allowed to amend his Complaint to provide a more definite statement of his claims, reduce the amount he is seeking and itemize his damages. Defendants merely request that the Magistrate's October 20th Order be allowed to stand as issued. (Doc. 32 at 3.)

[4] An answer to a complaint is a responsive pleading. Fed. R. Civ. P. 7(a). Defendants Isaac James and Jeremy Haskin filed an Answer on August 7, 2006 (Doc. 10), prior to Smith's filing his Motion to Amend (Doc. 17).

5

Moultrie." (Doc. 1 at 1.)  However, in the body of the Complaint, when directed to "[l]ist the full name, the official position, and the place of employment of each defendant in this lawsuit," Smith listed "The City of Moultrie (Police Department)." (Id. at 3.)  Later, in the "Statement of Claim" section, Smith again referred to "The City of Moultrie (Police Department)." (Id. at 4.)  While Smith petitioned the Court to allow him to amend his Complaint to reflect the proper Defendant is "The City of Moultrie," he also has consistently maintained that he intended, from the beginning of his suit, only to sue "The City of Moultrie."[5]  In other words, Smith moved to amend his Complaint out of an overabundance of caution and merely to ensure his claim would not be dismissed for procedural reasons.

Here, the Magistrate Judge's October 20th Order never actually addressed this issue[6]—it merely denied Smith's Motion to Amend.[7]  After its own consideration of the dispute, the Court concludes that Smith's Motion to Amend is, in fact, moot.  Given the

---

[5] Smith has argued his Complaint "clearly identifie[d] 'The City of Moultrie,' a municipality, as the defendant in this action." (Doc. 16 at 1.)  He has further explained that "without altering the meaning, the plaintiff further identified with parenthesis () "The City of Moultrie (Police Department)" to include the specific division of said municipal corporation in which plaintiff seeks relief." (Id.)

[6] The Magistrate Judge's failure to address Smith's attempt to clarify and/or amend this Defendant's name is understandable, given the lack of clarity in Smith's Motion to Amend. Specifically, Smith never mentions the City of Moultrie and/or its Police Department in his Motion to Amend.  Nonetheless, given Smith's indication in his Response to Defendant's Motion to Dismiss of his intention to clarify or amend his Complaint to reflect the proper Defendant, the Court is satisfied it comprehends Smith's intent.

[7] The Court also notes that the Magistrate Judge attempted to rectify this error in his October 31st Order, wherein he attempted to reverse his earlier ruling and grant Smith's attempt to clarify which party he wished to sue. (Doc. 29 at 1-2.)  However, given that Smith's Objections were properly addressed to this Court and not the Magistrate Judge, the error must be corrected by this Court.

liberal pleading standard to which pro se litigants are held,[8] the Court accepts that Smith's original Complaint named "The City of Moultrie" as a Defendant, and any parenthetical reference to the Police Department did not alter the fundamental nature of the Defendant. Therefore, the proper Defendant in this case is "The City of Moultrie."

The Court's finding necessarily causes two additional dominoes in this case to fall. First, Defendants' "Motion to Dismiss of That Entity Identified In This Action As the 'City of Moultrie Police Department'" (Doc. 11) is also denied as moot. By the Court's finding that the Defendant originally listed in Smith's Complaint was the City of Moultrie, Defendants' arguments regarding Eleventh Circuit precedent that a city police department is not a legal entity subject to suit are inapposite. Smith, by his own repeated averments, never intended to sue the City of Moultrie's Police Department, therefore it need not be dismissed from this case.[9]

Second, the Court must consider Defendants' allegation that the City of Moultrie is not subject to suit under the facts alleged in Smith's Complaint, and therefore should be dismissed from the case as a party. (Doc. 32 at 2-3.) However, rather than resolve this argument, which has not been fully briefed by the parties and which is more properly addressed to the Magistrate Judge, the Court shall not grant any Motion to Dismiss, express

---

[8] Pleadings drafted by pro se litigants will be construed more liberally than formal pleadings drafted by lawyers. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

[9] Of course Defendants win by losing on this point, since the purpose of their Motion to Dismiss was to remove the City of Moultrie's Police Department from the suit, and by the Court's finding that the Police Department was never a party to the suit, Defendants have received the result which they sought, albeit by an unintended route.
7

or implied, regarding the City of Moultrie.[10] Now that the proper Defendant named by Smith has been clarified, Defendants may submit their argument in the form of a new Motion to Dismiss.[11]

### 2. Motion to Amend Statement of Claims, Amount Sought and Itemize Damages

Smith's second Objection is that the Magistrate Judge refused to allow him to amend his Complaint to give a more detailed statement of his claims, specifically, to reduce the amount sought and to itemize those damages. In denying Smith's Motion to Amend, the Magistrate Judge gave no rationale for his decision.[12] Therefore, while the Court may only overturn the Magistrate Judge's ruling if it is contrary to law, without a declared reason to deny the Motion to Amend, the Court must search for an apparent one.

The Court begins, of course, from the starting point decreed by the Federal Rules and the Supreme Court of the United States—that leave shall be freely given. Next, the Court notes that there have been no allegations or indications of bad faith, undue delay or dilatory

---

[10] The Court notes that because it did not grant Smith's Motion to Amend his Complaint to change the City of Moultrie Police Department to merely the City of Moultrie, it is not obliged to conduct an examination of whether such an amendment would be futile. Accordingly, since all the Court has done in this Order is clarify which Defendant Smith originally intended to sue, Defendants' proper course to secure that Defendant's dismissal is a newly brought and fully briefed Motion to Dismiss.

[11] Likewise, the Court will not consider Smith's "Reply Memorandum in Support of Motion to Amend and Refutting [sic] Defendants Motion to Dismiss" (Doc. 33), which addresses this issue. If Smith files a Motion to Dismiss on this matter, Smith may refile this document as a response to the Motion.

[12] The Magistrate Judge gave no further reasons for the original denial when he upheld his earlier ruling on reconsideration, merely noting the Motion was denied "pursuant to F.R.C.P. 15(a)." (Doc. 29 at 2.)

motive on the part of Smith in making this amendment, nor has there been any repeated failure to cure deficiencies by amendments previously allowed. In addition, upon examination, the Court finds Defendants would suffer no prejudice if Smith is allowed to amend his Complaint to reduce the amount sought and to itemize those damages. Finally, the Court has no reason to believe that Smith's proposed amendment in this respect would be legally futile. As such, the Court finds the denial was contrary to law.

Smith is granted leave to file an amended complaint. This amended complaint should incorporate Smith's original claims[13] as well as give a more detailed statement of his claims, reduce the amount sought and itemize those damages.[14] Smith is cautioned that even though he is being allowed to expand upon his original Complaint, his amended complaint should comply with the dictates of Federal Rule of Civil Procedure 8(a)(2), which directs that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court is granting Smith's Motion to Amend on narrow, specific grounds and not giving him free license to expand his claim heedlessly.

### III. CONCLUSION

Smith's Objections (Doc. 28) are granted in part and denied in part and the

---

[13] Smith should understand that his amended complaint will replace his original Complaint, and the Court and parties will work from it henceforth. Simply submitting piecemeal "amendments," such as Smith recently tried to do with his "Amendment to Complaint 42 U.S.C. § 1983 in Reference to Party Clarification" (Doc. 31) is the inappropriate way to amend a complaint. As such, and as a direct result of the rulings in this Order, Smith's "Amendment to Complaint 42 U.S.C. § 1983 in Reference to Party Clarification" is denied.

[14] Smith is reminded that he does not have leave of the Court to add Hopkins as a party.

Magistrate Judge's October 20th Order (Doc. 27) is upheld in part and reversed in part. Also, as a result of this Order, Defendants' Motion to Dismiss (Doc. 11) is denied as moot, Smith's "Amendment to Complaint 42 U.S.C. § 1983 in Reference to Party Clarification" (Doc. 31) is denied, and Smith is granted until January 8, 2007 to refile an amended complaint that complies with the dictates of this Order.

**SO ORDERED**, this the 7th day of December, 2006.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl