# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| ROBERT LEE SMITH, III, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 6:06-CV-39 (HL) |
| | * | 42 U.S.C. § 1983 |
| CITY OF MOULTRIE, et al., | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendant City of Moultrie's Motion to Dismiss Plaintiff's action (R-38). The Plaintiff was notified of his right to respond and did so on January 24, 2007 (R-57).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish

legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

On June 26, 2006, Plaintiff filed the current 42 U.S.C. § 1983 suit alleging that Defendants Isaac James and Jeremy Haskins, who are Moultrie Police Officers, subjected him to false arrest and false imprisonment on or about February 17, 2005. (R-1). He further alleges that Defendants James and Haskins trespassed and used excessive force in arresting him. *Id.* In his Amended Complaint, Plaintiff averrs that he lodged a departmental complaint against Defendants James and Haskins following the incident in question, but that Defendant City of Moultrie (hereinafter "Moultrie") failed to properly address the complaint and failed to provide him an adequate appeal process, stating that Moultrie's negligence caused the underlying injuries. (R-35). He further alleged that Moultrie failed to have an "effective standard policy, procedure or custom in regards to governing officers with repetitive complaints filed against them." *Id.*

The Plaintiff's complaint requests monetary damages for the Defendants' violation of his constitutional rights. (R-35). The United States Supreme Court, however, requires "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of

such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir.1997). A custom is a practice that is so settled and permanent that it takes on the force of law. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). Furthermore, the Eleventh Circuit Court of Appeals has held that "[I]t is well established that a municipality may not be held liable under section 1983 on a theory of respondeat superior." *Davis v. DeKalb County Sch. Dist.,* 233 F.3d 1367, 1375 (11th Cir.2000). A plaintiff must show "a municipal action was taken with . . . deliberate indifference to its known or obvious consequences." *Id.* at 1375-76. Vague and conclusory allegations will not support a claim under § 1983. *See Marsh v. Butler,* 268 F.3d 1014, 1036 (11th Cir. 2001) (holding unsupported conclusions of law or mixed questions of fact and law have long been recognized as not to prevent a 12(b) dismissal pursuant to Federal Rules of Civil Procedure).

Defendant Moultrie argues that Plaintiff has failed to allege facts establishing that there was in fact a policy or custom of the City of Moultrie which caused the alleged deprivation of Plaintiff's civil rights. The United States Supreme Court has held that to show municipal liability under § 1983, a plaintiff must show: (1) the injury in question resulted from a constitutional violation; and (2) the city was responsible for that violation. *Monell,* 436 U.S. 658, at 690-92. Instead, recovery from a municipality is limited to acts that are acts of the municipality; in other words, acts that the municipality has officially sanctioned or ordered.

In the case at hand, Plaintiff contends that "in view of the numerous complaints filed against 'James', [Moultrie] was grossly negligent in not providing adequate supervisory or disciplinary policies." (R-57, p. 3). Plaintiff further contends that the Defendant's failure to act "amounts to nothing less than deliberate, callous indifference to the predictable consequences of 'James' actions, behavior and conduct." *Id.* In support of his claim, Plaintiff cites four departmental complaints filed against Defendant Isaac James. Those complaints, however, fail to establish in any way, that Defendant Moultrie had an inadequate supervisory or disciplinary policy. The complaints filed against Defendant James were filed over the course of six years and only Plaintiff's complaint and one other complaint involved excessive force claims. (R-57, p. 2). The other two are listed by Plaintiff as "employee conduct" complaints. As such, the complaints are too remote (the complaint most near Plaintiff's was filed in October 2003) and too few to establish any evidence of a custom or practice of Defendant City of Moultrie which would support Plaintiff's allegations. To establish that any "injury" received by Plaintiff was a result of any inadequate or improper training, Plaintiff is required to " bring forth some evidence of a pattern of improper training to sustain his claim , and he must show that [Moultrie] was aware of the deficiencies in the program." *See Mercado v. City of Orlando,* 407 F.3d 1152, 1161 (11th Cir. 2005). Plaintiff has utterly failed to do so in this case. Consequently, Plaintiff has failed to state a claim against defendant City of Moultrie for which relief can be granted pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY**, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendant, City of Moultrie's, Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED,** This 23rd Day of May, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw