# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

ROBERT LEE SMITH, III,      *
     *
     Plaintiff,      *
     *
v.      *      CASE NO. 6:06-CV-39 (HL)
     *      42 U.S.C. § 1983
CITY OF MOULTRIE, et al.,      *
     *
     Defendants.      *

## REPORT AND RECOMMENDATION

Before the court are Defendants James' and Haskin's Motion for Summary Judgment. (R-44). The Plaintiff was notified of his right to respond and did so on March 5, 2007. (R-62). Thereafter, on April 26, 2007, Plaintiff filed a Motion for Partial Summary Judgment to which the Defendants responded on May 16, 2007. (R-65, 67)

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for**

> **trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

On June 26, 2006, Plaintiff filed the current 42 U.S.C. § 1983 suit alleging that Defendants Isaac James and Jeremy Haskin, who are Moultrie Police Officers used excessive force in subjecting him to false arrest and false imprisonment on or about February 17, 2005. (R-1). He further alleges that Defendants James and Haskin kidnaped him, trespassed, caused property damage, assaulted him and forcibly entered and took his property. *Id.* Plaintiff averred that he lodged a departmental complaint against Defendants James and Haskin following the incident in question. (R-35). The Plaintiff's complaint requests monetary damages for the Defendants' violation of his constitutional rights. (R-35).

### I.     Defendants' Motion for Summary Judgment

Defendants have asserted the defense of qualified immunity in this case. Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed in the appropriate succession. *Saucier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The

first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

A. **False Arrest/ False Imprisonment**

Plaintiff claims that the Defendants used excessive force in falsely arresting and falsely imprisoning him on February 17, 2005. As to the issue of whether an officer has violated a defendant's fourth amendment rights against false arrest and false imprisonment, the Eleventh Circuit has held that:

> In order to be entitled to qualified immunity from a Fourth Amendment claim, an officer need not have actual probable cause but only "**arguable probable cause**," i.e., the facts and circumstances must be such that the officer reasonably could have believed that probable cause existed. *See Williamson v. Mills,* 65 F.3d 155, 158 (11th Cir.1995) ("to enjoy qualified immunity [the officer] need only have had *arguable* probable cause"); *Pickens v. Hollowell,* 59 F.3d 1203, 1206 (11th Cir.1995) ("the appropriate inquiry for qualified immunity is . . . whether there was arguable probable cause"); *Swint,* 51 F.3d at 996 ("[w]hen a law enforcement officer seeks summary judgment on the basis of qualified immunity, we must only ask whether . . . there was arguable probable cause"); *Eubanks v. Gerwen,* 40 F.3d 1157, 1160 (11th Cir.1994)("In the case

5

> involving a warrantless search and seizure, . . . whether qualified immunity . . . exist[s] turns upon whether there was 'arguable' probable cause . . .").
> We have repeatedly held that because only arguable probable cause is required, the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed. *See, e.g., Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (holding that secret service officers were entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest [the plaintiff]"); *Eubanks,* 40 F.3d at 1160 (holding that the standard for arguable probable cause is "whether a reasonable officer . . . *could* have reasonably believed that probable cause existed . . ."). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter,* 502 U.S. at 227, 112 S.Ct. at 536 (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987)) (internal quotations marks omitted). Thus, the qualified immunity standard is broad enough to cover some "mistaken judgment," and it shields from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1096-97, 89 L.Ed.2d 271 (1986). (emphasis added).

*Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).

In the instant case, the Plaintiff has alleged that the Defendants' actions deprived him of his constitutional rights against false arrest and false imprisonment, both of which are guaranteed by the Fourth Amendment. The holding in *Montoute v. Carr*, however, states that as long as a defendant has some arguable probable cause to arrest the plaintiff, no constitutional violation can be said to have occurred. "Probable cause" is defined as "reasonable ground for belief of guilt, supported by less than prima facie proof, but more

than mere suspicion." *United States v. $364,960.00,* 661 F.2d 319, 323 (5th Cir. Unit B 1981) (quoting *United States v. One 1978 Chevrolet Impala,* 614 F.2d 983, 984 (5th Cir.1980)).

Because the Defendants have established that they had arguable probable cause to arrest the Plaintiff based on the circumstances existing at the time, no violation of the Plaintiff's constitutional rights under the Fourth Amendment can be shown. Specifically, the facts establish that the Defendants responded to a 911 call that a woman was being held against her will at the address determined to belong to the Plaintiff. Upon arrival, the Defendants removed the woman from the dwelling to ascertain her version of the situation. After disobeying the Defendants' orders to stay inside the home until the situation was sorted out, the Plaintiff attempted to leave the front porch. At that time Defendants restrained Plaintiff and attempted to return him to the home whereupon they were able to see drugs and drug paraphernalia in plain view. The Plaintiff then fled the dwelling and was apprehended by a third officer. Although Plaintiff cites the dismissal of the charges relating to the events of February 17, 2005, to support his claims, the Defendants provided the Court with an affidavit from Hamilton Garner, the Assistant District Attorney who prosecuted Plaintiff, which avers that Plaintiff was indicted for kidnaping, possession of cocaine, possession of marijuana, misdemeanor obstruction of an officer and simple battery on June 21, 2005, from the events which occurred on February 17, 2005. (R-50, p. 2). Thereafter, a motion to suppress was granted in Plaintiff's favor relating to the drug offenses. *Id.* Plaintiff was tried by a jury on a separate offense of the sale of cocaine on December 7, 2005, and sentenced

to thirty years, with fifteen to serve in prison and the remainder to be served on probation. *Id.* In the interest of judicial economy, Attorney Garner then decided to dismiss the pending charges, which he found to be meritorious, related to the events of February 17, 2005. *Id.*

For the foregoing reasons, therefore, Plaintiff's claims regarding false arrest and false imprisonment must fail as the Defendants have established that they had probable cause to arrest the Plaintiff.

### B. Excessive Force

Plaintiff also claims he was subjected to excessive force on the date and time in question. "[A] prisoner alleging excessive force must demonstrate that the defendant acted 'maliciously and sadistically to cause harm.'" *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.C. 983 (2002); *citing Hudson v. McMilliam,* 503 U.S. 1, 112 S.C. 995, 117 L.Ed.2d 156 (1992) (further citations omitted). Furthermore, to prevail on an excessive force claim, Plaintiff must prove that the mental state of the defendants was "'purposeful or knowing conduct,'" as opposed to the lesser *mens rea* requirement of deliberate indifference which governs "conditions of confinement claims." *Id.* Any examination of excessive force as used against a prisoner must be examined under the Eighth Amendment.[1]

This circuit has clearly held that "in an Eighth Amendment case, the plaintiff must show actual injury." *Oliver v. Falla,* 258 F.3d 1277 (11th Cir., 2001). Although the injury sustained does not have to be significant, generally it must be more than de minimis.

---

[1] *See Hudson v. McMilliam,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), generally.

8

*Hudson, supra* at 9. In *Oliver v. R. Falla*, an excessive force case brought by an inmate, the Eleventh Circuit Court of Appeals upheld the jury finding that Plaintiff Oliver had not suffered a compensable injury. *Oliver* at 1282. The Plaintiff testified that he suffered a cut to his left knee and that he suffered neck and back pain. *Id* at 1279. *"[Oliver]*, however, did not present any evidence of visible injuries, medical expenses, or medical testimony confirming his injuries. *Id*. The Defendants in *Oliver* produced photographs taken of the Plaintiff shortly after the alleged assault took place, those "photographs showed no discernible injury." *Id*.

A helpful guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. **It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks.** People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)." (emphasis added).

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997).

Here, Plaintiff has failed to plead more than a *de minimus* injury. Defendants provided personal affidavits which stated that they did not use force against Plaintiff, nor did

9

they witness another defendant using force against Plaintiff. (R-48, 49). Although Plaintiff claims he was bruised by the Defendants' actions, he stated in his deposition that he had did not request medical treatment upon his arrival at the Colquitt County Sheriff's Department, and further acknowledged that there was no injury for which he needed treatment. (R- 52, pp. 44, 53). Considering the facts in the light most favorable to the non-moving party, Plaintiff's allegations of bruising are, at most, *de minimis*. Thus, Plaintiff has failed to prove a physical injury to support his allegation of excessive force.

> Subsection (e) of 42 U.S.C. § 1997e states:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

As Plaintiff has failed to show a prior physical injury, he can not claim a psychological injury. Therefore, Plaintiff has utterly failed to show injury as to any of the excessive force related claims.

In summary, the facts reveal that Plaintiff has failed to provide any evidence, other than his own claims, that the Defendants violated any of his rights. As such, Plaintiff has failed to meet the first prong of the qualified immunity standard as set out in *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). As was found in *Saucier v. Katz,* cited *supra,* the Supreme Court held that if no facts are presented which would show that the Plaintiff's constitutional rights were violated "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case.

The Plaintiff has failed to prove that any the rights guaranteed to him through the United States Constitution were violated by the Defendants in the arrest of the Plaintiff. Therefore, no more analysis is required. Having failed to provide any competent evidence to establish that any genuine issue of material fact remains, Defendants are entitled to summary judgment as to any claims made against them in their individual capacities.

### C. State Law Claims

Plaintiff has also made several claims against the Defendants including negligence, invasion of privacy, trespassing, forcible taking, forcible entry, assault and property damage. (R-6, p.6 and R-35, p. 4-9). These are state law claims but are properly in federal court because they arose from the same nucleus of operative facts as the federal claim.[2] However, if the district court dismisses Plaintiff's federal claims against Defendants, the district court must decide whether it will continue to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction"). "In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience, and fairness." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996). Of aid in this decision is the Supreme Court's admonition that "if the federal claims are

---

[2] 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted) (emphasis added) (superseded by statute).

As dismissal has been recommended as to the § 1983 claims over which the district court had original jurisdiction, the undersigned similarly recommends that the district court decline to exercise its supplemental jurisdiction because what remains is a claim based solely upon Georgia law. 28 U.S.C.A. § 1367(c). Further, comity suggests that the better course is to present these matters in state court. Moreover, as dismissal of the federal claims has been recommended before any discovery requests have been filed and as Plaintiff is proceeding without the payment of any court costs, it is neither unfair nor inconvenient to the parties to require Plaintiff to pursue his claims in state court. *See Hardy v. Birmingham Bd. of Education*, 954 F.2d 1546, 1553 (11th Cir.1992). *See also* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Finally, considerations of judicial economy militate against the district court's maintaining jurisdiction.

## II. Plaintiff's Motion for Summary Judgment

The record reveals that Plaintiff filed a Motion for Partial Summary Judgment on April 26, 2007. A review of the record, however, shows that on October 17, 2006, Defendants James and Haskin filed a Motion to Extend Time for Discovery, which included

a request for an extension of time in which to file any dispositive motions for thirty days following the end of the extended discovery period. Defendants' Motion was granted on the same date, extending the discovery period until December 5, 2006, and the time for filing dispositive motions to January 4, 2007. Defendants then properly and timely filed their Motion for Summary Judgment on January 4, 2007. Plaintiffs' Motion for Partial Summary Judgment, filed on April 26, 2007, was, therefore, filed more than three months after the time for filing had expired. Thus, Plaintiff's Motion for Partial Summary Judgment should be denied as untimely and deemed moot pursuant to the foregoing analysis as to Defendants' Motion for Summary Judgment.

**ACCORDINGLY**, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion for Summary Judgment be **DENIED** as untimely and moot. It is further recommended that the district court decline to retain jurisdiction in this case over Plaintiff's state court claims and that such claim be **DISMISSED** without prejudice, in accordance with 28 U.S.C.A. § 1367(c). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED,** This 29th Day of May, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw